FILED
SUPERIOR COURT
OF GUAM

2025 MAY -9 PM 4:03

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| VINCENT E. LUJAN, <br><br> Plaintiff, <br><br> vs. <br><br> PAGO BAY HOMEOWNERS ASSOCIATION, THE PAGO BAY HOMEOWNERS ASSOCIATION, INC., DUNCAN HORNE, BRUCE REYNOLDS, GENE DYDASCO, MARIE P. LIZAMA, Director of Revenue & Taxation, and DOES I through XIII, <br><br> Defendants. | CIVIL CASE NO. CV0595-24 <br><br><br> **DECISION AND ORDER** <br> *Re: Defendant's Motion to Dismiss, or in the Alternative, Motion to Strike and for a More Definite Statement* |

On February 4, 2025, this matter came before the Hon. Arthur R. Barcinas for a hearing on Defendant's Motion to Dismiss, or in the Alternative, Motion to Strike and for a More Definite Statement ("Motion"), filed on December 4, 2024 by Defendants Pago Bay Homeowners Association, The Pago Bay Homeowners Association, Inc., Duncan Horne, Bruce Reynolds, and Gene Dydasco (collectively, "Defendants"). Plaintiff Vincent E. Lujan ("Plaintiff") was represented by Attorney Carlos Taitano, and Defendants were represented by Attorney G. Patrick Civille.

## **BACKGROUND**

This matter arises from a homeowners' association governance dispute between Plaintiff and Defendants. Defendant Pago Bay Homeowners Association, Inc. ("PBHA") is a nonprofit

corporate body that manages the sixteen-lot subdivision of Pago Bay Estates, and Plaintiff owns one of those lots. The PBHA board allegedly levied a $1,500 special assessment on all lot owners within the Pago Bay Estates subdivision, including Plaintiff. Plaintiff filed a Complaint and subsequent First Amended Complaint ("FAC") in objection to the special assessment seeking, *inter alia*, to cancel the PBHA's incorporation certificate, abate the assessments, recover damages for alleged breach of fiduciary duty, and obtain injunctive and declaratory relief. The FAC incorporated eight causes of action over forty pages and also made purported derivative claims on behalf of all other lot owners in Pago Bay Estates.

On December 4, 2024, PBHA filed the instant Motion, arguing that Plaintiff had failed to satisfy the pleading standard of Guam Rule of Civil Procedure ("GRCP") 8(a), had failed to meet the heightened fraud particularity standard of GRCP 9(b), and had asserted improper "derivative" claims for unnamed homeowners pursuant to GRCP 23.1. PBHA further argued in the alternative that Plaintiff should be required to re-plead with a more definite statement for lack of clarity pursuant to GRCP 12(e), and to strike all redundant and immaterial matter for lack of conciseness pursuant to GRCP 12(f).

On January 2, 2025, Plaintiff filed his opposition to the Motion, arguing that his repeated use of the term "or" to incorporate prior averments is valid under the Guam Rules of Civil Procedure, and that allegations made upon "information and belief" are acceptable under Guam law.

On February 4, 2025, the Court took the matter under advisement.

## DISCUSSION

PBHA first argues that the alleged ambiguity and verbosity of the FAC warrant dismissal under GRCP 8(a), 9(a), and 12(b)(6), or modification under GRCP 12(e) and 12(f).

GRCP Rule 12(b)(6) allows a court to dismiss a complaint for failure to state a claim upon which relief can be granted. *See* Guam R. Civ. P. 12(b)(6). Guam law requires only a short and plain statement of the claim showing entitlement to relief. *Ukau v. Wang*, 2016 Guam 26 ¶ 52. Whether a plaintiff pleaded or proved his claim by preponderance of the evidence is immaterial at the 12(b)(6) phase; Plaintiff merely has to state sufficient facts to place Defendant on notice of his claim. *Wang*, 2016 Guam 26 ¶ 53. In ruling on a motion to dismiss under GRCP 12(b)(6), the Court must accept all the well-pleaded facts as true, construe the pleading in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor. *Cruz v. Cruz*, 2023 Guam 20 ¶ 10. Dismissal for failure to state a claim is appropriate only if it appears beyond doubt that the non-moving party can prove no set of facts in support of his claim which would entitle him to relief. *Id.*

Under Guam law, any pleading which sets forth a claim for relief must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." GRCP 8(a). Each averment of a pleading must be simple, concise, and direct. GRCP 8(e)(1). If the pleading involves a fraud claim, the circumstances constituting the fraud must also be plead with particularity. GRCP 9(b). "When applying Rule 9(b)'s heightened pleading requirements to determine whether a complaint should be dismissed for failure to state a claim, the Court must construe the complaint in the light most favorable to the plaintiff." *Smith v. Allstate Ins. Co.*, 160 F.Supp.2d 1150, 1153 (S.D. Cal. 2001) (citing *Parks School of Business v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1997)). "A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.*

Under Guam law, there are five elements of fraud: (1) A misrepresentation; (2) Knowledge of falsity (or scienter); (3) Intent to defraud to induce reliance; (4) Justifiable reliance; and (5) Resulting damages. *Ukau v. Wang*, 2015 Guam 26 ¶ 36. "[GRCP] 9(b) provides, in relevant part, that "the circumstances constituting fraud or mistake shall be stated with particularity" and that "[m]alice, intent, knowledge, and other conditions of mind of a person may be averred generally." *Id.* ¶ 35. This standard is known as the "who, what, when, where, and how" requirement. *Id.* While it is a more heightened standard than the notice pleading established by GRCP 12(b)(6), it still does not require a plaintiff to prove a claim of fraud at the pleading stage. *Id.* ¶ 47. Instead, a plaintiff must provide facts with "sufficient detail to provide notice to defendants as to what particular fraudulent action is being alleged. *Id.* "While statements of time, place, and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient. *Taitano v. Calvo Finance Corp.*, 2008 Guam 12 ¶ 15. Similarly, allegations based entirely on information and belief do not usually satisfy the particularity requirement of Rule 9(b). *Id.*

If the pleading is so vague or ambiguous that a party cannot be reasonably required to frame a responsive pleading, the responding party may move for a more definite statement before filing a responsive pleading. GRCP 12(e). Upon motion by the responding party, the Court may also order stricken from the pleading "any redundant, immaterial, impertinent, or scandalous matter." GRCP 12(f).

Finally, pursuant to GRCP 23.1, a derivative action requires Plaintiff to file a verified complaint seeking to enforce a right of a corporation or unincorporated association. The complaint must allege that Plaintiff was a member of the corporation or association at the time of the transaction at issue, and must plead with particularity what efforts, if any, Plaintiff took to

obtain the desired relief from the officers or directions of the corporation or association. "The derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the shareholders or members similarly situated in enforcing the right of the corporation or association." GRCP 23.1.

## 1. GRCP 8(a)

PBHA first argues for dismissal under GRCP 8(a), alleging that the Plaintiff's FAC is so verbose and ambiguous that PBHA is unable to provide a proper response. PBHA asserts that Plaintiff is "pleading in the disjunctive various acts allegedly performed by any number of defendants" and that "it is impossible to know which acts are being complained of, or which defendant was allegedly involved in taking the alleged actions," which renders it impossible for PBHA to adequately respond. Mot., at 8. The Court agrees.

Pursuant to GRCP 8(a), a complaint must provide "a short and plain" statement of the claim showing that the pleader is entitled to relief, giving defendants fair notice of the basis for each claim. Here, the FAC spans forty pages, eight causes of action, and a thirty-paragraph player for relief without clearly linking specific facts to specific claims or defendants. It is neither short nor plain, and the confusion created by this scattershot approach precludes fair notice.

Similarly, GRCP 8(e)(1) requires that "each averment of a pleading shall be simple, concise, and direct." Instead, the FAC consistently packs multiple alternative theories and conclusory statements into single run-on paragraphs, while also vaguely referencing previous claims, *e.g.*

> 108. The foregoing-described actions or conduct of Horne, Reynolds, Dydasco, or TPBHAI are or is illegal, unlawful, invalid, void, voidable, conspiratorial, malicious, vexatious, oppressive, willful misconduct, reckless misconduct, gross negligent

> misconduct, negligent, otherwise tortious, groundless, knowing, improper, or conscious, flagrant indifference to the rights of [Plaintiff], without substantial justification, without probable cause, *ultra vires*, breach of fiduciary duty, or violation or breach of the Declaration, or the Articles of Incorporation or the By-laws of the PBHA.

FAC, ¶ 108. This manner of writing is consistent through the FAC, and Plaintiff notably uses some variation of the phrase "illegal, unlawful, invalid" in lists with various other synonyms at least thirty times throughout the entire document. This structure flouts the standard established by GRCP 8(e)(1) and only compounds the problem of notice presented by the GRCP 8(a) issue above. Plaintiff argues that GRCP 10(c) permits incorporation by reference. However, it does not justify embedding each of the FAC's previous paragraphs in each count, particularly when said paragraphs involve multiple unrelated theories. This manner of omnibus incorporation only obscures the operative facts and prevents PBHA from determining which specific allegations support which claim. Thus, the Court also finds that Plaintiff fails to meet the GRCP 8(e) standard.

## 2. **GRCP 9(b)**

PBHA also argues that the FAC fails to meet the heightened particularity standard set by GRCP 9(b). In opposition, Plaintiff asserts that he sufficiently pled "general fraud, statutory fraud, common law fraud, actual fraud, or constructive fraud." Opp., at 7. The Court agrees with PBHA that Plaintiff does not plead fraud with particularity as required by GRCP 9(a). While Plaintiff alludes to "fraudulent" conduct at multiple points throughout the FAC, none of the counts actually plead a standalone fraud cause of action. The FAC simply does not detail the "who, what, when, where, and how" of any misrepresentation or concealment that it alleges, to the extent that it alleges any at all as even Plaintiff's opposition argument does not specifically state what type of fraud is actually being pled. Furthermore, large parts of the FAC's reference

to fraud are predicated on information and belief, and allegations based entirely on information and belief do not usually satisfy the particularity requirement of Rule 9(b). *Taitano v. Calvo Finance Corp.*, 2008 Guam 12 ¶ 15. Thus, the Court finds that any fraud theory presented by the FAC is dismissed for failure to satisfy GRCP 9(b).

## 3. **GRCP 23.1**

PBHA further argues that, by seeking relief on behalf of all other lot-owners, Plaintiff purports to assert derivative claims, but fails to comply with GRCP 23.1 because a derivative action is initiated by a shareholder to assert a right belonging to a corporation. The Court agrees. Under Guam law, a derivative action may be "brought by one or more shareholders or members to enforce a right of a corporation or of an unincorporated association, the corporation or association having failed to enforce a right which may properly be asserted by it." Plaintiff has made no assertions that he is attempting to enforce any right of PBHA, particularly any right that PBHA previously failed to assert. Plaintiff instead purports to "bring a derivative cause of action on behalf of other members of the dissolved PBHA," and argues that "even a single member of the PBHA, like [Plaintiff] may maintain a derivative cause of action under Rule 23.1 as 'adequately representing' only himself as a member." The Court does not find this argument at all compelling, as the Ninth Circuit has held that if a shareholder has a direct, personal interest in his cause of action, then the claim is not derivative. *See, e.g. Meland v. WEBER*, 2 F.4th 838, 868 (9th Cir. 2021). Further, on March 5, 2025, the Court issued an Order enjoining Defendants from taking any action to enforce collection of assessments against Plaintiff *pendente lite*. In that Order, the Court stated that any homeowner who believes that they have a derivative claim to this suit could, within thirty (30) days, request to have that protection

extended to them upon submission of affidavit. No other lot-owners submitted an affidavit in that time, effectively rendering Plaintiff the sole party to his derivative claim.

Accordingly, the Court **GRANTS** a dismissal of the derivative claims.

### 1. **GRCP 12(b)(6)**

Based on the above arguments, Plaintiff has not met the statutory requirements for pleading. Counts I-III of the FAC are expressly stated to be acts of fraud, which Plaintiff has not met the pleading standard for, and even if they were not, all of the claims put forth in the FAC are so ambiguous that they do not give sufficient notice as to which party is responsible for what relief. Each count of the FAC asserts, essentially, that either one or some or all of the defendants performed one or more acts either illegally or invalidly or unfairly and that one or some or all of the defendants should be found liable for one or more of those acts. That could mean anything, and puts no-one on notice. So far as the Court can determine, Count V does not even state a claim, but exists only to state that this action affects the title of real property, without any explanation as to how that contributes to the greater argument. Thus, the Court finds that the FAC does not meet the notice pleading standard of 12(b)(6).

Upon review, however, the Court determines that, with the exception of the derivative claims, the Court **ORDERS** Plaintiff to submit a more definite statement pursuant to GRCP 12(e). Further, the Court **ORDERS** that any remaining immaterial, impertinent, or redundant allegations, particularly those relating solely to derivative theories or featuring conclusory lists of adjectives, should be stricken pursuant to GRCP 12(f), so as to streamline the pleading and narrow its focus to the genuinely contested issues in this matter.

## CONCLUSION

Based on the foregoing, the Court hereby **ORDERS** that Plaintiff submit a second Amended Complaint within fifteen (15) days, having stricken from said Complaint all theories solely based on derivative claims and all redundant, immaterial, impertinent, or scandalous matter.

**IT IS SO ORDERED** _____MAY 0 9 2025_____ .


**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**